United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Thomas J. Alfes,
                Debtor.
_____/

Case No. 05-55084-SWR
Chapter 7
Hon. Steven Rhodes

Opinion

On December 18, 2008, the debtor filed a motion to reopen his chapter 7 case to enforce the discharge injunction and for award of sanctions. The motion asserted that debtor had received a default judgment against SunTrust holding that his student loan debt to SunTrust is dischargeable. On April 22, 2009, the Court entered an order in which it observed that SunTrust had a meritorious defense to the original complaint for a finding of dischargeability. Accordingly, the Court decided to hold in abeyance the motion to enforce the discharge injunction in order to give SunTrust an opportunity to file a motion to set aside the default judgment against it. The Court concluded that if such a motion were filed and granted, the motion for sanctions would be denied and that otherwise sanctions would be awarded for SunTrust's willful violation of the discharge injunction.

On May 22, 2209, SunTrust filed a motion to set aside the default judgment. The motion focuses solely on SunTrust's assertion of a meritorious defense. The Court must agree that SunTrust's defense would have been meritorious. However, Rule 60(b)(6), F.R.Civ.P., on which SunTrust relies, requires much more than that.

Federal Rule of Civil Procedure 60(b), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9024, sets forth six reasons that justify granting relief from a final judgment or order:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Recently, in *In re Brown*, __ B.R. __, 2009 WL 2959665 at *3 (B.A.P. 6th Cir. September 17, 2009), the Panel stated:

> Rule 60(b)(6) authorizes a court to grant relief from a judgment for "any other reason that justifies relief," such relief is applied "'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule.'" *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)); *see also, Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 393, 113 S. Ct. 1489 (1993); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Further, Rule 60(b)(6) is applied only "as a means to achieve substantial justice when 'something more' than one of the grounds contained in Rule 60(b)'s first five clauses is present." *Hopper*, 867 F.2d at 294. That "'something more', then, must include unusual and extreme situations where principles of equity mandate relief" coupled with a showing that if relief is not granted extreme and undue hardship will result. *Olle*, 910 F.2d at 365; *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 597 (6th Cir. 2006).

The party seeking to invoke Rule 60(b) bears the burden of establishing that its prerequisites are satisfied. *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

SunTrust did not allege or establish any exceptional or extraordinary circumstances that would justify setting aside the default judgment under Rule 60(b)(6). As *Brown* concludes,

2

meritorious defense alone is not sufficient.

Accordingly, SunTrust's motion to set aside the default judgment is DENIED. The Court will schedule a hearing on damages for SunTrust's violation of the discharge injunction.

Not for publication

**Signed on October 15, 2009**

                                         **/s/ Steven Rhodes**
                                         **Steven Rhodes**
                                         **United States Bankruptcy Judge**